**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4326**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHON CRAIG SINGLETON,

Defendant - Appellant.

———————————

**No. 06-4533**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEBBIE MARIE SINGLETON, a/k/a Debbie Marie
Wofford,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Western
District of Virginia, at Abingdon. James P. Jones, Chief District
Judge. (1:05-cr-00030-jpj-pm)

———————————

Submitted:   June 4, 2007          Decided:   July 9, 2007

———————————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Evans D. Prieston, New York, New York; Michael A. Bragg, Abingdon, Virginia, for Appellants. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathon and Debbie Singleton were convicted by a jury of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A); 846 (2000). The district court sentenced Jonathon and Debbie Singleton to 360 months' and 292 months' imprisonment, respectively. Finding no error, we affirm.

On appeal, Jonathon Singleton contends the district court abused its discretion in admitting Debbie Singleton's hearsay statements into evidence over defense objection. Mr. Singleton argues that the district court's ruling runs afoul of Fed. R. Evid. 403, 404(b), and 801(d)(2)(E). Debbie Singleton joins in Mr. Singleton's argument as it pertains to Rules 403 and 404(b). She additionally contends that the evidence was insufficient to support her conviction and that the district court erred in imposing its sentence.

The Singletons contend that the district court erred by admitting statements into evidence over defense objection. We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Such discretion is abused only when a district court has acted "arbitrarily or irrationally." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (internal quotation marks omitted). However, evidentiary rulings based on erroneous

legal conclusions are "by definition an abuse of discretion." <u>United States v. Turner</u>, 198 F.3d 425, 430 (4th Cir. 1999).

Jonathon Singleton argues that Debbie Singleton's statements made on or about March 6, 2003 were not properly admitted under Rule 801(d)(2)(E) because they were made prior to the existence of the conspiracy.

> To admit evidence as a co-conspirator's statement [under Rule 801(d)(2)(E)], a court must conclude (1) that there was a conspiracy involving the declarant and the party against whom the admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy.

<u>United States v. Blevins</u>, 960 F.2d 1252, 1255 (4th Cir. 1992). The government bears the burden of establishing these elements by a preponderance of the evidence. <u>United States v. Neal</u>, 78 F.3d 901, 905 (4th Cir. 1996).

In the instant case, the indictment charged that the conspiracy began on or about March 6, 2003. Prior to the admission of the statements at issue, the Government presented the testimony of Lonnie Crigger. He testified as to the identities of the co-conspirators, including the Singletons, and their respective roles in the conspiracy. The Government offered various Western Union wire transfer documents into evidence, confirming Crigger's testimony that he sent money to the Singletons via an intermediary—Roger Oxford. Though the earliest document was dated April 2, 2003, it is clear from the testimony that plans between Crigger and Oxford as well as

- 4 -

Oxford and the Singletons were made prior to this date. It was in this context that narcotics detective Robert Lincoln testified to Ms. Singleton's statements, establishing that the Singletons actively sought a supplier in furtherance of their plan to distribute methamphetamine. As the Government established the requisite elements by a preponderance of the evidence, we conclude that the district court did not abuse its discretion in admitting Debbie Singleton's statements against Jonathon Singleton under Rule 801(d)(2)(E).

Additionally, both Jonathon and Debbie Singleton argue that Detective Lincoln's testimony was improper Rule 404(b) evidence and was unfairly prejudicial under Rule 403. We have broadly interpreted Rule 404(b), holding that it "is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition." United States v. Watford, 894 F.2d 665, 671 (4th Cir. 1990). "Evidence of prior bad acts is admissible if it is (1) relevant to an issue other than character, (2) necessary to show an essential part of the crime or the context of the crime, and (3) reliable." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). Exclusion under Rule 403 is required "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is

disproportionate to the probative value of the offered evidence."
Id. at 1467 (internal quotation marks omitted).

The testimony at issue established the dynamic of the relationship between the Singletons and illuminated the acts taken in preparation of their plan to distribute methamphetamine. Such testimony was therefore relevant to the offense charged. Further, any danger of unfair prejudice was slight in view of the overwhelming evidence of guilt. Therefore, we conclude the district court did not abuse its discretion in finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

Debbie Singleton also contends that the evidence was insufficient to support her conviction. To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To prove conspiracy to possess with intent to distribute and to distribute a controlled substance, the government must establish that: (1) two or more persons agreed to possess with intent

to distribute and to distribute the substance; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, so long as she joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. Id. at 858.

The evidence presented at trial established that Ms. Singleton was an instrumental part of the conspiracy. She attempted to secure a supplier, acted as intermediary between Mr. Singleton and other co-conspirators, received funds, and mailed methamphetamine to at least one distributor. Therefore, construing the facts in the light most favorable to the Government, we conclude there was sufficient evidence to support the jury's verdict. To the extent Ms. Singleton argues the Government's case rested almost entirely on the "seriously questionable" testimony of Teresa Nicks, it is not the province of this court to second-guess the credibility determinations of the factfinder. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Debbie Singleton finally contends that the district court erred in imposing its sentence. She initially argues that the district court's refusal to grant her a role reduction under U.S. Sentencing Guidelines Manual § 3B1.2 (2005) was improper. She asserts that there were other individuals involved in the criminal

activity who were more culpable than herself.  When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

The district court denied Ms. Singleton's request for a role reduction.  In doing so, the court determined that

> [i]t's clear from the evidence in this case that [Ms. Singleton] was involved in this drug conspiracy throughout at a very high degree. [Ms. Singleton] dealt with those who dealt with the conspiracy generally, she was involved in the essential roles in the conspiracy in terms of sale, packaging, transportation, receipt of money for drugs, all of which she was involved in.

Because the materials in the joint appendix support the district court's findings, we conclude that it was not clearly erroneous for the court to refuse Ms. Singleton a role reduction.

Ms. Singleton also argues that the district court failed to give proper weight to mitigating factors at sentencing.  However, the district court appropriately calculated the advisory guideline range and considered it in conjunction with other relevant factors under the Guidelines and 18 U.S.C. § 3553(a) (2000).  See United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  Ms. Singleton's 292-month sentence, which is at the lowest end of the applicable guideline range and below the statutory maximum, is therefore presumptively reasonable.  See Green, 436 F.3d

at 457.   Though the court concededly failed to explicitly discuss § 3553(a) factors on the record, we conclude it does not render Ms. Singleton's sentence unreasonable.  See <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006) ("Requiring district courts to address each factor on the record would . . . be an exercise in unproductive repetition that would invite flyspecking on appeal.").

We therefore affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>